IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
Wheeling

**BOLARINWA BOLUWATIFE SALAU,**

        Plaintiff,

  v.                                                **Civil Action No. 5:24-CV-226**
                                                                      Judge Bailey

**ERIC McFARLAND,** State Trooper, individual
and official capacity, **WEST VIRGINIA
STATE POLICE,** official capacity, and
**STATE OF WEST VIRGINIA,**

        Defendants.

## REPORT AND RECOMMENDATION

### I. Background

On December 6, 2024, the plaintiff, a pre-trial detainee facing federal charges,[1] filed a *pro se* Complaint against the above-named defendants pursuant to 42 U.S.C. § 1983. This matter is assigned to the Honorable John Preston Bailey, United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).

### II. The Complaint

Plaintiff raises five claims in his Complaint. First, he alleges that defendant McFarland conducted an unlawful search and seizure of plaintiff's person and vehicle

---

[1] The undersigned notes that although plaintiff is currently housed at a state facility and is suing state defendants, he is currently facing charges in this Court in Criminal Action Number 5:24-CR-46.

1

following a traffic stop on March 8, 2024. Second, he alleges defendant McFarland violated his 4th Amendment right by conducting the search of that vehicle. Third, he alleges he was falsely arrested by defendant McFarland because the reason for his arrest was unrelated to the reason for the traffic stop. Fourth, he alleges that the West Virginia State Police violated his right to equal protection by failing to train their officers. Finally, he alleges defendants McFarland and the West Virginia State Police violated his rights through false imprisonment and prosecution. For relief, he seeks compensatory and punitive damages of five million dollars as well as unspecified injunctive relief.

### III. Standard of Review

Because the plaintiff is a prisoner seeking redress from a governmental entity or employee, the Court must review the complaint to determine whether it is frivolous or malicious. Pursuant to 28 U.S.C. § 1915A(b), a court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous if it is without arguable merit either in law or in fact. **Neitzke v. Williams**, 490 U.S. 319, 325 (1989). However, the court must read *pro se* allegations in a liberal fashion. **Haines v. Kerner**, 404 U.S. 519, 520 (1972). A complaint which fails to state a claim under Fed.R.Civ.P. 12(b)(6) is not automatically frivolous. *See* **Neitzke** at 328. Frivolity dismissals should only be ordered when the legal theories are "indisputably meritless,"[1] or when the claims rely on factual allegations which are "clearly

---

[1] *Id.* at 327.

baseless." **Denton v. Hernandez**, 504 U.S. 25, 32 (1992).  This includes claims in which the plaintiff has little or no chance of success.  See **Estelle v. Gamble**, 429 U.S. 97, 106 (1976).

## IV. Discussion

Based on a preliminary review of the Complaint, the undersigned first finds that summary dismissal of plaintiff's claims against the West Virginia State Police and the State of West Virginia is appropriate.  Actions authorized under § 1983 are intended to "deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights."  **Wyatt v. Cole**, 504 U.S. 158, 161 (1992).  Critically, complaints in § 1983 actions must allege that some person has deprived plaintiff of a federal right.  **Gomez v. Toledo**, 446 U.S. 635, 640 (1980).  The Eleventh Amendment bars such suits against the State, and § 1983 does not provide an exception.  "Congress, in passing § 1983, had no intention to disturb the States' Eleventh Amendment immunity[.]"  **Will v. Michigan Dep't of State Police**, 491 U.S. 58, 66 (1989) (citing **Quern v. Jordan**, 440 U.S. 332 (1979)).  "[N]either a State nor its officials acting in their official capacities are 'persons' under § 1983."  **Will**, 491 U.S. at 71.  Neither the West Virginia State Police nor the State of West Virginia are "persons" subject to § 1983 actions and the claims against them should be dismissed as frivolous.

Turning to the claims made against defendant McFarland, the undersigned finds that the Court should abstain from exercising jurisdiction over the claims at this time to avoid the possibility of inconsistent rulings.  As noted above, plaintiff is a criminal defendant in an ongoing criminal case in this Court, Criminal Action Number 5:24-CR-46.  The factual allegations in the instant Complaint appear to relate directly to an arrest

related to plaintiff's criminal case and challenge to the legality of a resulting search. As such, addressing the substance of claims made in this case would necessarily implicate matters in the ongoing criminal proceedings, and as such the undersigned recommends that the Court dismiss these claims without prejudice as to plaintiff's right to raise them after the conclusion of his criminal case, or, in the alternative, that such claims be stayed until resolution of plaintiff's criminal case. *See, e.g.*, **McChester v. Davis**, No. 2:21 CV 11764, 2021 WL 4315808, at *2 (E.D. Mich. Sept. 22, 2021) ("Just as this Court would abstain from interfering in a pending state court criminal matter when a state pretrial detainee raises claims that challenge the state court proceedings, considerations of federalism, judicial economy, and efficient case administration dictate that a similar rule of restraint apply where a federal pretrial detainee raises claims which challenge ongoing federal criminal proceedings pending before another District Court Judge."); **Rankins v. Winzeler**, No. 02 C 50507, 2003 WL 21058536, at *7 (N.D. Ill. May 9, 2003) (staying § 1983 claims pending resolution of ongoing federal criminal proceedings).

### V. Recommendation

For the foregoing reasons, the undersigned recommends that:

1. plaintiff's claims against the West Virginia State Police and the State of West Virginia be **DISMISSED** with prejudice; and

2. plaintiff's claims against Eric McFarland be **DISMISSED**[2] without prejudice as to plaintiff's right to reassert those claims after the conclusion of Criminal

---

[2] The undersigned is cognizant of the Supreme Court's ruling in **Wallace v. Kato**, 549 U.S. 384 (2007), which held that the statute of limitations period for a § 1983 claim for false arrest begins to run at the time the claimant becomes detained. As such, the undersigned finds that dismissal without prejudice in this case should toll the limitations period until such time as plaintiff's criminal case is resolved.

Action Number 5:24-CR-46, or in the alternative, that such claims be stayed until the resolution of that case.

The petitioner shall have **fourteen days** from the date of service of this Report and Recommendation within which to file with the Clerk of this Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.** A copy of such objections should also be submitted to the United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitations, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

This Report and Recommendation completes the referral from the district court. The Clerk is **DIRECTED** to terminate the Magistrate Judge's association with this case.

The Clerk of the Court is further **DIRECTED** to mail a copy of this Report and Recommendation to the *pro se* plaintiff by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

**DATED:** January 13, 2025.

/s/ *James P. Mazzone*
JAMES P. MAZZONE
UNITED STATES MAGISTRATE JUDGE

5