IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
Wheeling

**BOLARINWA BOLUWATIFE SALAU,**

        Plaintiff,

v.                                             **Civil Action No. 5:24-CV-226**
                                                  Judge Bailey

**ERIC McFARLAND,** State Trooper, individual
and official capacity, **WEST VIRGINIA**
**STATE POLICE,** official capacity, and
**STATE OF WEST VIRGINIA,**

        Defendants.

## ORDER ADOPTING REPORT AND RECOMMENDATION

The above referenced case is before this Court upon the magistrate judge's recommendation that plaintiff's claims against the West Virginia State Police and the State of West Virginia be dismissed with prejudice and plaintiff's claims against Eric McFarland be dismissed without prejudice as to plaintiff's right to reassert those claims after the conclusion of Criminal Action Number 5:24-CR-46, or in the alternative, that such claims be stayed until the resolution of that case. [Doc. 11 at 4–5].

This Court is charged with conducting a *de novo* review of any portion of the magistrate judge's report to which a specific objection is registered, and may accept, reject, or modify, in whole or in part, the recommendations contained in that report. 28 U.S.C. § 636(b)(1). However, absent prompt objection by a dissatisfied party, it appears that Congress did not intend for the district court to review the factual and legal

conclusions of the magistrate judge. ***Thomas v. Arn***, 474 U.S. 140 (1985). Additionally, any party who fails to file timely, written objections to the magistrate judge's report pursuant to 28 U.S.C. § 636(b)(1) waives the right to raise those objections at the appellate court level. ***United States v. Schronce***, 727 F.2d 91 (4th Cir. 1984), *cert. denied*, 467 U.S. 1208 (1984). No objections have been filed to the magistrate judge's report and recommendation.[1]

A *de novo* review of the record indicates that the magistrate judge's report accurately summarizes this case and the applicable law. Accordingly, Magistrate Judge Mazzone's Report and Recommendation **[Doc. 11]** is **ADOPTED**. Plaintiff's claims against the West Virginia State Police and the State of West Virginia are **DISMISSED WITH PREJUDICE** and plaintiff's claims against Eric McFarland are **DISMISSED WITHOUT PREJUDICE**[2] as to plaintiff's right to reassert those claims after the conclusion of Criminal Action Number 5:24-CR-46. The Clerk is **DIRECTED TO STRIKE** the above-styled case from the active docket of this Court.

---

[1] Pursuant to the R&R, plaintiff "shall have **fourteen days** from the date of service of this Report and Recommendation within which to file with the Clerk of this Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.**" *See* [Doc. 11 at 5 (emphasis in original)].

Service of the R&R was accepted on January 15, 2025. *See* [Doc. 12]. January 15, 2025, was twenty-two (22) days ago. Thus, this Court did not just wait the standard fourteen (14) days—this Court waited an additional eight (8) days before ruling on the pending R&R.

[2] As noted by Magistrate Judge Mazzone: "The undersigned is cognizant of the Supreme Court's ruling in Wallace v. Kato, 549 U.S. 384 (2007), which held that the statute of limitations period for a § 1983 claim for false arrest begins to run at the time the claimant becomes detained. As such, the undersigned finds that dismissal without prejudice in this case should toll the limitations period until such time as plaintiff's criminal case is resolved." [Doc. 11 at 4, fn.2].

2

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to any counsel of record herein and to the *pro se* plaintiff by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

**DATED:** February 6, 2025.

JOHN PRESTON BAILEY
**UNITED STATES DISTRICT JUDGE**